UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANTOINE PROPHETE,

      Petitioner,     MEMORANDUM & ORDER
                    10-MC-0811 (JS)
 -against-

UNITED STATES OF AMERICA,

      Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:  Antoine J. Prophete, pro se
       109-20 223rd Street
       Queens Village, NY 11429

For Respondent:  Allen Lee Bode, Esq.
       United States Attorney's Office
       Eastern District of New York
       610 Federal Plaza
       Central Islip, NY 11722

SEYBERT, District Judge:

   Antoine Prophete ("Petitioner") petitions this Court for an order expunging his 1978 conviction for narcotics-related offenses, arguing chiefly that he has been humiliated by the conviction (Docket Entry 1), he has "proved his integrity" for the past thirty-two years (Docket Entry 1-2 at 1), and his conviction has prevented him from practicing medicine in the United States or travelling to visit his sister in Canada (id. 3). Petitioner's request is DENIED.

   "While courts have the power to order expungement, the Second Circuit has cautioned that such power should be exercised

only in 'extreme circumstances.'" United States v. McFadzean, No. 93-CR-0025, 1999 WL 993641, at *2 (S.D.N.Y. Nov. 2, 1999) (quoting United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977)); United States v. James, No. 97-CR-0715, 2003 WL 21056989, at *2 (E.D.N.Y. Feb. 13, 2003); United States v. Fields, 955 F. Supp. 284, 285 (S.D.N.Y. 1997) (expungement is only appropriate in unusual or extreme cases). It is an "extreme, and rare, remedy," McFadzean, 1999 WL 993641, at *3, and it has typically been reserved for cases where the underlying arrest was unconstitutional or where a defendant's records have "been misused by the government," id. at *2. In extraordinary cases, expungement may be warranted where the underlying conviction was valid and no government misconduct is involved, id. at *2, but only if a petitioner can satisfy an exceedingly stringent standard, see id. at *3.

Petitioner has not made a convincing attempt to challenge his conviction,[1] and he has not demonstrated that expungement is appropriate here. Petitioner's travel restrictions do not warrant relief. See Akwurah v. United States, No. 99-MC-0045, 1999 WL 390832, at *1 (E.D.N.Y. Mar. 21,

---

[1] In his reply papers, Petitioner suggests that his participation in the charged conduct was implausible and that his conviction was premised on the false testimony of an accomplice. (Docket Entry 7 at 2-3.) A jury found Petitioner guilty, however, and the Court is unpersuaded by Petitioner's protestations of innocence.

2

1999) (petitioner's impending deportation did not warrant expunging his nine-year-old conviction for importing heroin). Nor does his inability to practice medicine in the United States. See Gonzalez v. United States, No. 10-MC-0547, 2010 WL 5860297, at *2 (E.D.N.Y. Nov. 22, 2010) (report and recommendation) adopted by 2011 WL 705399 (E.D.N.Y. Feb. 17, 2011) ("Absent any issue with the record's accuracy, courts have almost uniformly rejected adverse employment effects as grounds for expungement." (quotation marks omitted)); Fields, 955 F. Supp. at 285 ("[T]he difficulties faced by Fields in finding and keeping a steady job do not rise to the level of extreme circumstances required before a court will exercise its inherent power to expunge." (quotation marks omitted)); United States v. Bryde, 914 F. Supp. 38, 39 (N.D.N.Y. 1996) (denying expungement where a licensed nurse argued that the record of her conviction would impair future professional opportunities); see also United States v. Ortiz, No. 86-CR-0836, 1999 WL 92281, at *1 (S.D.N.Y. Feb. 18, 1999) (denying expungement where petitioner sought to "obtain better employment"). Petitioner's embarrassment is also insufficient reason to expunge his record. See Gonzalez, 2010 WL 5860297, at *2 (denying expungement where petitioner argued that his criminal record caused him embarrassment and limited his employment prospects). In sum, Petitioner has not

3

demonstrated the extraordinary circumstances that would justify expunging his criminal record.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to expunge his criminal record is DENIED. The Clerk of the Court is respectfully directed to mail Petitioner a copy of this Order and to mark this matter CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED: October  19 , 2011
       Central Islip, New York